Passaic County Circuit Court.

L. TEPLITZ THROWN SILK COMPANY, A CORPORATION, PLAINTIFF, v. PHILIP RICH AND MARGARET VAN NIMWEGEN, EXECUTRIX OF THE ESTATE OF GARRET VAN NIMWEGEN, DECEASED, DEFENDANTS.

Decided June 17, 1935.

For the plaintiff, *Evans, Smith & Evans.*

For the defendants, *Randal B. Lewis.*

PORTER, C. C. J. By stipulation of counsel the question raised in this case is submitted to the court for decision. It appears that the deceased, Garret Van Nimwegen, guaranteed in writing the payment to the plaintiff of certain obligations of Rich. The guarantor died April 30th, 1934. The executrix of his estate published in a newspaper a notice to bar creditors on June 15th, 1934. Actual notice of his death did not come to the knowledge of plaintiff until early in July, 1934. Between the date of death and before knowledge by plaintiff of that fact, to wit, June 7th, 8th, 12th and 19th, 1934, obligations of Rich to the plaintiff were created and not discharged by Rich to the amount of $154.79.

The question presented is "whether or not the guarantee ceased with the death of Van Nimwegen and whether the plaintiff is entitled to recover for this $154.79 which was for goods delivered after Van Nimwegen's death."

Briefs have been submitted by counsel. Both say that there is no reported case in New Jersey on the point. Both also agreed that there is a conflict in the decisions of other jurisdictions. The English rule (*Coulthart* v. *Clementson,* 5 *Q. B. Div.* 42) is that the death of the guarantor does not

*ipso facto* revoke the guarantee, but rather that it is revoked upon notice of the death. This theory is followed in *Gay* v. *Ward*, 67 *Conn.* 146; 34 *All. Rep.* 1025; also *National Eagle Bank* v. *Hunt*, 16 *R. I.* 148; 13 *Atl. Rep.* 115; *In re Larch*, 284 *Pa.* 500; 131 *Atl. Rep.* 381; note in 42 *A. L. R.* 927, with cited cases.

The contrary rule, and in my opinion the better one, is that where the guarantee could have been revoked by the guarantor during his lifetime it terminates by his death as to future obligations. *DeColyar on the Law of Guarantees*, 276. That view is the law in Massachusetts, Kentucky and Michigan. *Highland* v. *Habich*, 150 *Mass.* 112; *Jordan* v. *Dobbins*, 122 *Id.* 168; *Aitken* v. *Lang*, 106 *Ky.* 652; *Illinois Roofing and Supply Co.* v. *Gorton*, 19 *Pa. Co. Ct.* 124; *In re Kelly*, 173 *Mich.* 492.

The Massachusetts rule that death revokes without notice is founded, it seems to me, on good reasoning. The court said in *Jordan* v. *Dobbins, supra:* "Death terminates the power of the deceased to act, and revokes any authority or license he may have given, if it has not been executed or acted upon. His estate is held upon any contract upon which a liability exists at the time of his death, although it may depend upon future contingencies. But it is not held for a liability which is created after his death, by the exercise of a power or authority, which he might at any time revoke." * * * "It is no hardship to require traders whose business it is to deal in goods, to exercise diligence so far as to ascertain whether a person upon whose credit they are selling is living."

The Kentucky court in *Aitken* v. *Lang, supra,* approved and followed *Jordan v.* Dobbins, and used this language: "The guaranty could only continue during the will of the guarantor, as he could revoke it. The continuing quality being terminable at the will of the guarantor, it is not unreasonable to suppose that it was intended by the parties that when the power to terminate ceased by death, it was to continue until notice of death was in some way given the guarantees? This notice might not be received for a long time, as the real and personal representatives of the deceased might

be ignorant of the guaranty, and in the meantime the estate might be bankrupted. In our opinion, as the guaranty was terminable at the will of the guarantor, when that will no longer existed, by reason of death, it was thereby revoked."

Following the Massachusetts rule, therefore, I find that the death of Van Nimwegen terminated the guarantee as to future obligations of Rich to the plaintiff.

Judgment will be in favor of the defendant estate.